UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| California Palms Addiction Recovery Campus, Inc., and Sebastian Rucci )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>United States of America )<br>)<br>Defendant )<br>) | Case No. 4:21-cv-02188-JRA<br><br>Judge John R. Adams<br><br>Magistrate Judge Amanda M. Knapp |

**REQUEST FOR RULING OR HEARING ON UNOPPOSED MOTION (LOCAL RULE 7.1)**

Three months ago, the Government seized all of Plaintiffs' funds without a hearing, in violation of the Fourth and Fifth Amendment. This also violated the statutory demands for a pre-seizure hearing pursuant to 21 U.S.C. § 853(e) and § 853(f). Seizures pre-indictment for non-contraband are non-existent in the United States. The lack of evidence required to trace the funds is the likely reason the affidavit has been kept under seal for three months.

Plaintiffs served the Government the Verified Complaint and Motion for Preliminary Injunctive Relief **FORTY-NINE days ago** [Doc. #1, 3, 7]. The Government has elected not to file an "opposition within thirty (30) days after service of [the] dispositive motion." N.D. Ohio Local Rule 7.1(d). Plaintiff recognize that this Court is very busy with many pressing matters; however, this Court "may **rule on unopposed motions** without hearing at any time after the time for filing an opposition has expired." N.D. Ohio Local Rule 7.1(g).

The Motion for Preliminary Injunctive Relief identifies two constitutional and two statutory violations: (1) The seizure warrants are facially defective in violation of the Fourth Amendment. (2) The lack of pre-seizure and post-seizure notice and hearing violates the Due

Process clause of the Fifth Amendment. (3) The lack of pre-seizure hearing violates 21 U.S.C. § 853(e) requiring a hearing and a finding that the seizure does not "outweigh the hardship on" the Plaintiffs. (4). The lack of pre-seizure hearing violates 21 U.S.C. § 853(f) requiring a finding that the due process protections pursuant to § 853(e) are unavailable.

Plaintiffs believe the unopposed motion for Preliminary Injunctive Relief is sufficient for this Court to immediately order the return of the unlawfully seized funds. The irreparable harm was documented in regard to the constitutional harm in violating the Fourth and Fifth Amendment, the harm to the company in seizing all its funds and the harm to the patients. Even the Government's motion for stay noted that the "Government . . . **does not dispute the individual successes presented in the exhibits attached to the Verified Complaint**." [Doc. #8 Gov. Motion for Stay pg. 3, PageID 172].

If this Court has concerns, Rule 41(g) provides that the "court must receive evidence on any factual issue necessary to decide the motion." In *United States v. Bowker*, 372 F.3d 365 (2004) the district court denied the Rule 41(g) motion, "without ever reaching the merits of the underlying motion. The court held no hearing, took no evidence, and gave no indication that it has ever considered the merits of [plaintiff's] motion. Accordingly, on remand, the district court shall hold a hearing on [plaintiff's Rule 41(g)] motion for return of records, take evidence on any factual issues necessary to resolve that motion, and promptly rule on that motion." *Bowker*, 372 F.3d at 387 vacated on other grounds, 543 U.S. 1182, reinstated by 125 F. App'x 701 (2005). In *United States v. Hess*, 982 F.2d 181 (6th Cir. 1992), the Sixth Circuit held that the district court did not discharge its duty under Rule 41(g) to hear and decide the issues, reasoning that Rule 41(g) "clearly contemplates a hearing 'on any issue of fact necessary to the decision of the motion." *Hess*, 982 F.2d at 186.

Plaintiffs address one issue raised by the Government in its reply to the Motion for Stay addressing our position in regards to 18 U.S.C. § 853 in the Motion for Injunctive Relief. The Government argued in its Reply Brief in support of its Motion for Stay that "an 18 U.S.C. § 853(f) warrant may be used [instead of § 853(e) restraining orders] to seize funds in a bank account because they may be easily moved." [Doc. #14 Reply pg. 6, PageID 243].

This issue was address in *Luis v. United States*, 136 S. Ct. 1083 (2016) where Justice Kennedy noted in dissent in that the defendants "were transferring money involved in the scheme to various individuals and entities, including shell corporations owned by Luis' family members. [Defendants] opened and closed well over 40 bank accounts and withdrew large amounts of cash to hide the conspiracy's proceeds." *Id* at 1104 (Kennedy, J. dissent; Alito, J. joins). The *Luis* plurality responded to Justice Kennedy's concern there is "little reason to worry, as Justice Kennedy seems to, that defendants will be allowed to circumvent the usual forfeiture rules." *Id.* at 1095-96. "[M]oney is fungible; and sometimes it will be difficult to say whether a particular bank account contains tainted or untainted funds. But the law has tracing rules that help courts implement the kind of distinction we require in this case." *Id.* at 1095. "Courts use tracing rules" and "have experience separating tainted assets from untainted assets. . ." *Id.* Also, 18 U.S.C.§ 2232(a) makes it a crime for any person who "before, during, or after . . . seizure of property" knowingly "**transfer**, or otherwise take any action, for the purpose of preventing or impairing the Government's lawful authority."

The Government also argued in its reply in support of its Motion for Stay that it used § 853(e) because "there have been instances where the bank's failure to [effect restraining orders] has resulted in the movement of funds beyond the jurisdiction of the court before the

restraining order was put in place." [Doc. #14 Gov. Reply for Stay pg. 4, PageID 242]. However, 21 U.S.C. § 853(l) provides that the "district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section." Also, 21 U.S.C. § 853(e)(4) provides that "[f]ailure to comply with [a restraining] order under this subsection" shall be punishable as a civil or criminal contempt.

Three months ago, the Government executed facially defective seizure warrants, the Government lacked authority to execute the seizure without a hearing. The Government is also unable to trace the funds as it lacked any evidence, as noted by the simultaneous filing of the search warrants. The Government sealed the process and has steadfastly thwarted Plaintiffs' efforts to view the affidavit in support of the unprecedented seizure of funds of Plaintiffs who are presumed innocent. The Government's policy on open proceedings, 28 C.F.R. § 50.9, states: "Because of the **vital public interest in open judicial proceedings**, the Government has a general overriding affirmative **duty to oppose their closure**. There is, moreover, a **strong presumption against closing proceedings** or portions thereof, and the Department of Justice foresees very few cases in which closure would be warranted."

The Government's actions in this case are not supported by the Constitution, Congressional Statutes, the Government's written policies or by precedent in any case law in the United States. Because the Motion is Unopposed, Plaintiffs respectfully request a ruling, or the unsealing of the affidavit, and a hearing to further address the unprecedented seizure of funds in an effort to close the business which provided extensive compassionate (free) care to Medicaid patients, and in turn harmed Medicaid patients.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| | |
| */s/ Sebastian Rucci* | */s/ Steve Albenze* |
| Sebastian Rucci, pro se | Steve Albenze (OH Bar No. 0089558) |
| 5455 Clarkins Drive | Albenze Law Group, LLC |
| Austintown, Ohio 44515 | 124 Middle Ave., Suite #900 |
| Tel: (330) 720-0398 | Elyria, OH 44035 |
| Fax: (866) 816-9684 | Phone: (440) 523-1783 |
| Sebatian@caliparc.com | albenzelawgroup@gmail.com |
| | Attorney for California Palms |

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system and parties may access this filing through the Court's Case management/Electronic Case Files (CM/ECF) found on the internet at https://ecf.ohnd.uscourts.gov.

*/s/ Sebastian Rucci*
Sebastian Rucci, *pro se*