IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| CALIFORNIA PALMS ADDICTION RECOVERY CAMPUS, INC., *et al.*, | ) CASE NO. 4:21 CV 2188 ) ) |
| Plaintiffs, | ) JUDGE JOHN R. ADAMS ) |
| v. | ) ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO REQUEST FOR RULING**

NOW COMES plaintiff, the United States of America, by and through the undersigned counsel, and respectfully submits the following response to Request for Ruling on Unopposed Motion[1]. (R. 16: Request, PageID 248).

On November 17, 2021, California Palms Addiction Recovery Campus, Inc. (California Palms) and Sebastian Rucci filed a Verified Complaint. (R. 1: Verified Complaint, PageID 1).

---

[1] It is noted that in the Request, plaintiffs rely on the Supreme Court's decision in *Luis v. United States*, 578 U.S. ___, 136 S. Ct. 1083 (2016).  On its face, *Luis* is inapplicable to the instant case.  *Luis* dealt only with the situation in which the parties agreed that the restrained funds were **untainted** substitute assets.  To the contrary, in the instant case, the United States' position is that the seized funds constitute proceeds traceable to the commission of federal health care fraud offenses and, accordingly, are subject to civil forfeiture under 18 U.S.C. Section 981 and criminal forfeiture under 18 U.S.C. Section 982.

On the same date, California Palms filed a Notice of Motion for Injunctive Relief and Memorandum in Support of Injunctive Relief and Motion for Return of Unlawfully Seized Funds. (R. 3, 3-1: Notice/Memorandum, PageID131, 134).

On December 1, 2021, the Government filed a Motion to Stay litigation relating to the allegations set forth in the Verified Complaint. (R. 8: Motion, PageID 170).

The Government states in its Motion for Stay:

The Government respects the community benefits of addiction treatment centers in the Northern District of Ohio and does not dispute the individual successes presented in the exhibits attached to the Verified Complaint; however, California Palms Addiction Recovery Campus, Inc.'s provider certification with the Ohio Department of Mental Health and Addiction Services has been *revoked*.  Therefore, the motion for injunctive relief – to avoid irreparable harm and to resurrect the business – is without merit as moot.  Stated simply, Plaintiffs' source of funding – namely, Medicaid – was terminated with the revocation of the provider certification of California Palms Addiction Recovery Campus, Inc.  With that revocation, the business was effectively terminated.  (*Id.* at 172).

In addition, the stay motion states:

Because the Government has accepted Plaintiffs' November 1st motion for return of property as service on the Government of a claim under 18 U.S.C. § 983(a)(2)(A), it does not intend to send the otherwise required written notice of a forfeiture proceeding to Plaintiffs under 18 U.S.C. § 983(a) but instead will directly proceed to the filing of a civil complaint for forfeiture of the seized funds within the statutory period under 18 U.S.C. § 983(a)(3)(A), unless the Government is otherwise ordered by the Court. (*Id.* at 173).

The Government is currently preparing the civil forfeiture complaint relating to the seized funds and the complaint will be timely filed.  The Government previously responded to California Palms Motion for Injunctive Relief in its Motion to Stay so California Palms' claim that the motion is unopposed is not accurate. (R. 8: Motion, PageID 170).

Respectfully submitted,

BRIDGET M. BRENNAN
United States Attorney
Northern District of Ohio


By: /s/ Henry F. DeBaggis .
Henry F. DeBaggis (OH: 0007561)
James L. Morford (OH: 0005657)
Assistant United States Attorneys
400 United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113
(216) 622-3749 / 622-3743
Henry.DeBaggis@usdoj.gov
James.Morford@usdoj.gov

3