UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

California Palms Addiction Recovery Campus, Inc.,
et al.,                                              )        CASE NO.    4:21CV2188
                                                     )
            Plaintiffs,                              )
                                                     )
     v.                                              )        Judge John R. Adams
                                                     )
United States of America,                            )        Memorandum of Opinion
                                                     )
            Defendant.                               )

This matter was remanded by the Sixth Circuit wherein they concluded that this Court improperly *sua sponte* dismissed the proceeding as moot.  Specifically, the Circuit determined that Plaintiffs had sought disclosure of certain search warrant affidavits within the body of their complaint and therefore the proceedings could not be deemed moot.  Following remand, Plaintiffs have moved for leave to amend the complaint (Doc. 38), the Government has moved to dismiss the complaint (Doc. 41), Plaintiffs have moved to unseal the warrant affidavits (Doc. 45), and Plaintiffs have moved for leave to file a sur-reply in opposition of the motion to dismiss (Doc. 50). The Court now reviews the pending motions.

    I.      Background

    Plaintiffs filed this suit on November 17, 2021.  The Sixth Circuit accurately described the initial proceedings in this forum as follows:

> At some point in 2021, California Palms, a rehabilitation center located in Ohio, and its owner, Sebastian Rucci,1 became the subjects of a criminal investigation by the Federal Bureau of Investigation (FBI). On October 4, 2021, a magistrate judge issued ex parte warrants for the seizure of funds from California Palms and Rucci.

> The FBI executed those warrants the following day, seizing $603,902.89. Later that month, the Ohio Department of Mental Health and Addiction Services revoked California Palms's provider certification, and the Ohio Department of Medicaid terminated its provider agreement.
>
> On November 17, 2021, California Palms and Rucci filed a civil action (the "Plaintiffs' Action"), with a verified complaint subtitled "(Return of Unlawfully Seized Funds and Injunctive Relief)," in the Northern District of Ohio. The complaint alleges, in relevant parts, (1) several constitutional defects in the seizure warrants, and (2) that California Palms and Rucci have "a right under the Warrant Clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued." R. 1, Compl., PageID 3–6, 8. In the same section regarding this alleged right, the complaint elaborates,
>
>> Plaintiffs seek a redacted copy of the affidavit to determine what facts support the [magistrate judge's] finding that the three restraining orders under § 853(e) are insufficient to protect the forfeitable assets. Plaintiffs have already shown that the agent securing the warrants submitted facially defective warrants. Hence, the need for the affidavit is necessary to confirm that the Government is following what the Supreme Court and Congress mandated.
>
> Id. at 8. The complaint does not contain a separate "Claims for Relief" section enumerating California Palms and Rucci's claims. It concludes with a prayer for several forms of relief, including specific requests (1) "that the United States of America immediately return to Plaintiffs the $603,902 unlawfully seized" and (2) "[t]hat the Court order the Government to produce to the Plaintiffs a redacted copy of the affidavit used to secure the seizure warrants." Id. at 19–20.

Doc. 33 at 2-3.  While the litigation was pending, the Government ultimately returned the funds at issue.  This Court dismissed the matter as moot.  However, the Sixth Circuit found that the issue of whether Plaintiffs could unseal the warrant affidavits was not moot.  The Circuit explained that "the absence of an applicable cause of action cannot be the basis for a sua sponte dismissal for lack of subject matter jurisdiction."  Doc. 33 at 6.  The Circuit concluded:  "Should the Government choose to raise this argument in the district court, it must do so on an appropriate dispositive motion under Rule 12 or Rule 56. Yet regardless of what the district court decides and

2

in what procedural posture, it must rule on California Palms and Rucci's request for disclosure of the warrant affidavits, because that request is not moot."  Doc. 33 at 7.  As detailed above, the Government has now moved to dismiss for failure to state a claim, and Plaintiffs have moved to amend, presumably to avoid such a dismissal.

II.     Plaintiff's Motion for Leave to Amend

Initially, the Court notes that "[n]ormally, a party seeking an amendment should attach a copy of the amended complaint." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014).  Plaintiffs did not attach a copy of the proposed amended complaint.  While Plaintiffs have generally outlined that they seek to amend to add *Bivens* claims against the law enforcement officers involved with obtaining the warrants at issue, they have wholly failed to detail the underlying allegations that would support these claims.  Further, the Government opposed the motion for leave on February 3, 2026.  In that opposition, the Government detailed that any such amendment would be futile because it would be barred by the statute of limitations, amongst other deficiencies.  Plaintiffs did not timely file a reply brief in support of their motion.  Instead, roughly 50 days after the opposition, Plaintiffs filed a reply without seeking leave of Court.  That reply (Doc. 38) is hereby stricken as untimely.  Given the lack of details that would support the *Bivens* claim due to the absence of a proposed amended complaint and the lack of a timely argument against the Government's assertion of futility, the motion for leave to amend (Doc. 38) is DENIED.

III.     Government's Motion to Dismiss

At the outset, the Court notes that it will grant Plaintiffs' motion to file a sur-reply (doc.

3

50) in opposition of this motion.   The sur-reply is deemed filed.

The Government has moved to dismiss asserting that Fed. R. Crim. P. 41(g) has one, exclusive remedy – the return of funds.   The Government continues, asserting that because the complaint is based solely on Rule 41(g), it does not state a cause of action that allows for the review of the warrant affidavits.

Rule 41(g) reads as follows:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

In response, Plaintiffs effectively argue that they have a valid basis for requesting the unsealing of the affidavits.   Over and again, Plaintiffs assert that the affidavits were deficient and that those deficiencies led to the improper seizure of their funds.   However, Plaintiffs have wholly failed to identify any basis in law that would form a *valid claim* through which they could advance their legal theory.   In their initial opposition, Plaintiffs go as far as to suggest that this Court could use its supervisory authority to order the affidavits unsealed.   The Court finds no merit in this contention.

The Court agrees with the Government that the exclusive remedy available through an action filed under Rule 41(g) is the return of the property at issue.   Moreover, the Court also agrees that such a finding does not deprive Plaintiffs of any ability to seek the unsealing of the affidavits. Plaintiffs may seek to unseal the affidavits directly from the issuing officer.   *See In re Search Warrant for 2934 Anderson Morris Rd., Niles, Ohio 44406*, 48 F. Supp. 2d 1082, 1082 (N.D. Ohio

1999)(detailing the district judge "review of the Magistrate Judge's Order denying their FED.R.CRIM.P. 41(e) motion to unseal the affidavit in support of the warrant[.]").  Plaintiffs contend that this cannot be so because they attempted to utilize that procedure and were directed to file a civil suit pursuant to Rule 41(g).  However, that request was faulty, at least in part, for the same reason the request is faulty here --- Plaintiffs attempted to combine both their 41(g) suit for return of funds *with* their request to unseal the affidavits.  Those requests for relief should have been filed separately, each in their own proper forum.  As this suit is not the proper forum to seek release of the affidavits, the Government's motion to dismiss is well taken.[1]

Based upon the above, the remaining portion of the complaint is hereby DISMISSED.

IT IS SO ORDERED.

July 31, 2026
Date

*/s/John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

1 For the same reasons, Plaintiffs' independent motion to unseal the affidavits (Doc. 45) is DENIED.

5